No. 16-10521

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

_____

MAURICE WALKER, on behalf of himself
and others similarly situated,

*Plaintiff-Appellee,*

v.

CITY OF CALHOUN, GEORGIA,

*Defendant-Appellant.*

_____

On Appeal from the United States District Court
for the Northern District of Georgia,
No. 4:15-cv-170-HLM

_____

**APPELLEE'S CORRECTED MOTION TO DISMISS APPEAL IN PART**

_____

Alec Karakatsanis                         Sarah Geraghty
EQUAL JUSTICE UNDER LAW                   Ryan Primerano
916 G Street, NW                          SOUTHERN CENTER
Suite 701                                 FOR HUMAN RIGHTS
Washington, DC 20001                      83 Poplar Street, NW
(202) 681-2409                            Atlanta, GA 30303
alec@equaljusticeunderlaw.org             (404) 688-1202
                                          sgeraghty@schr.org

*Counsel for Plaintiff-Appellee*

March 9, 2016

No. 16-10521, *Walker v. City of Calhoun*

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Plaintiff-Appellee hereby certifies that the following is a complete list of all trial judges, attorneys, persons, associations of persons, firms, partnerships, and corporations that have an interest in the outcome of this case or appeal:

1. Beacham III, A. Franklin (Counsel for Defendant-Appellant);

2. Brinson, Askew, Berry, Seigler, Richardson & Davis, LLP (Counsel for Defendant-Appellant);

3. Carlock, Copeland & Stair, LLP (Counsel for Defendant-Appellant);

4. City of Calhoun, Georgia (Defendant-Appellant);

5. Davis, J. Anderson (Counsel for Defendant-Appellant);

6. Equal Justice Under Law (Counsel for Plaintiff-Appellee);

7. Geraghty, Sarah (Counsel for Plaintiff-Appellee);

8. Govignon, George (City Attorney and Solicitor for the City of Calhoun, Georgia);

9. Grozine, Abby C. (Counsel for Defendant-Appellant);

10. Karakatsanis, Alec (Counsel for Plaintiff-Appellee);

11. Lucas, Samuel L. (Counsel for Defendant-Appellant);

12. Moss, Garry (Chief of Police for the City of Calhoun, Georgia);

13. Murphy, Hon. Harold L. (United States District Judge);

No. 16-10521, *Walker v. City of Calhoun*

    14.    Primerano, Ryan (Counsel for Plaintiff-Appellee);

    15.    Root, David F. (Counsel for Defendant-Appellant);

    16.    Smith, Suzanne (Municipal Court Judge for the City of Calhoun, Georgia);

    17.    Southern Center for Human Rights (Counsel for Plaintiff-Appellee);

    18.    Walker, Maurice (Plaintiff-Appellee).

                                              /s/ Ryan Primerano

March 9, 2016

**APPELLEE'S CORRECTED MOTION TO DISMISS APPEAL IN PART**

Plaintiff-Appellee Maurice Walker respectfully moves the Court to dismiss the City of Calhoun's attempted appeal from two orders entered by the district court.  Although the City has a right to appeal the district court's order granting a preliminary injunction, this Court lacks jurisdiction to review the district court's orders denying the City's motion to dismiss and granting class certification.

## BACKGROUND

This is an interlocutory appeal.  The district court denied the City of Calhoun's motion to dismiss Maurice Walker's complaint and motion for more definite statement on December 2, 2015.  (Doc. 28.)  On January 28, 2016, the district court granted Walker's motion for a preliminary injunction (Doc. 40) and motion for class certification (Doc. 41).

The City filed a notice of appeal on February 5, 2016.  (Doc. 42.)  Two weeks later, the City filed a Civil Appeal Statement identifying three issues on appeal: (1) whether the district court erred in granting a preliminary injunction; (2) whether the district court erred in granting class certification; and (3) whether the district court erred in denying the City's motion to dismiss and motion for more definite statement.  (Civil Appeal Statement at 2.)  The City purports to appeal from a final judgment under 28 U.S.C. § 1291.  (Civil Appeal Statement at 1.)  The City has not sought permission to appeal the district court's orders.

# ARGUMENT

Contrary to the City's claim in its Civil Appeal Statement, the district court has not entered a final judgment in this case. The district court entered only interlocutory orders, and this Court lacks jurisdiction to review two of the three orders that the City seeks to appeal.

**I.     The Court Lacks Jurisdiction to Review the District Court's Order Denying the City's Motion to Dismiss and Motion for More Definite Statement.**

The district court's order denying the City's motion to dismiss and motion for more definite statement (Doc. 28) is not a final judgment, and the City has not complied with the procedure for seeking interlocutory review of the order. *See* 28 U.S.C. § 1292(b).

The order does not qualify for review under the collateral-order doctrine because it did not finally determine "'claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 671-72 (2009) (quoting *Cohen v. Beneficial Ind. Loan Corp.*, 337 U.S. 541, 546 (1949)); *Will v. Hallock*, 546 U.S. 345, 355 (2006) (vacating improper interlocutory appeal for lack of jurisdiction); *Koch v. Rugg*, 221 F.3d 1283, 1298 (11th Cir. 2000) (dismissing improper interlocutory appeal for lack of jurisdiction).

2

In its motion to dismiss, the City raised no affirmative defenses. *Cf. Iqbal*, 556 U.S. at 671-72. It argued only that the complaint was defective for asserting a violation of the Due Process and Equal Protection Clauses instead of specifying a more particular legal theory. (Doc. 22 at 8.) The district court denied the City's motion to dismiss because "[d]ismissal is not the appropriate remedy for th[e] alleged deficiency" of failing to specify a legal theory in a complaint. (Doc. 28 at 17.) The district court denied the City's motion for a more definite statement because the court found that the complaint had "sufficient specificity and clarity to put [the City] on notice of the claims that [it] asserts." (*Id.* at 19-20.)[1] These rulings do not qualify for interlocutory review. *See In re Donovan*, 532 F.3d 1134, 1137 (11th Cir. 2008) (dismissing appeal from denial of motion to dismiss); *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 131 (5th Cir. 1959) (recognizing that a district court's denial of a motion for more definite statement is an interlocutory order that typically does not qualify for appellate review).

The City's appeal also is untimely. After the district court entered its order denying the City's motions on December 2, 2015, the City had 30 days in which to file a notice of appeal, Fed. R. App. P. 4(a)(1)(A), or 28 days in which to file a motion to alter or amend the judgment, Fed. R. Civ. P. 59(e), which would have extended the deadline for filing a notice of appeal, *see* Fed. R. App. P.

---

[1] The City later filed an answer to the complaint. (Doc. 31.)

3

4(a)(4)(A)(iv).  The City did neither.  Accordingly, this Court lacks jurisdiction.  *See United States ex rel. Postel Erection Group, L.L.C. v. Travelers Cas. and Sur. Co.*, 711 F.3d 1274, 1275 (11th Cir. 2013) (per curiam) ("[T]he taking of an appeal within the prescribed time is 'mandatory and jurisdictional.'" (quoting *Bowles v. Russell*, 551 U.S. 205, 209 (2007))).

## II. The Court Lacks Jurisdiction to Review the District Court's Order Granting Maurice Walker's Motion for Class Certification.

To appeal a district court's class certification order, "a petition for permission to appeal [must be] filed with the circuit clerk within 14 days after the [district court's] order is entered."  Fed. R. Civ. P. 23(f); *see also* Fed. R. App. P. 5(a)(2).  Here, the order granting class certification was entered on January 28, 2016.  (Doc. 41.)  The City has not timely sought permission to appeal that decision, and this Court therefore lacks jurisdiction to review it.  *See Jenkins v. BellSouth Corp.*, 491 F.3d 1288, 1291-92 (11th Cir. 2007).[2]

---

[2] The City also would not meet the standard for an interlocutory appeal.  This Court has noted "powerful case management concerns" that weigh against routine appellate review of class certification orders.  *See Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1273 (11th Cir. 2000).  The factors that determine whether to grant a discretionary appeal, *see id.* at 1276, disfavor interlocutory review in this case.

4

## CONCLUSION

The district court's orders denying the City of Calhoun's motion to dismiss and motion for more definite statement, and granting Maurice Walker's motion for class certification, are not final judgments. The City's attempted appeal from those orders should be dismissed.

Respectfully submitted,

/s/ Ryan Primerano

| | |
|---|---|
| Alec Karakatsanis | Sarah Geraghty |
| EQUAL JUSTICE UNDER LAW | Ryan Primerano |
| 916 G Street, NW | SOUTHERN CENTER |
| Suite 701 | FOR HUMAN RIGHTS |
| Washington, DC 20001 | 83 Poplar Street, NW |
| (202) 681-2409 | Atlanta, GA 30303 |
| alec@equaljusticeunderlaw.org | (404) 688-1202 |
| | sgeraghty@schr.org |

*Counsel for Plaintiff-Appellee*

March 9, 2016

5

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing complies with the typeface requirements of Rule 32(a)(5) of the Federal Rules of Appellate Procedure and the type-style requirements of Rule 32(a)(6) because it was prepared using 14-point Times New Roman font, which is a proportionally spaced typeface.

/s/ Ryan Primerano

March 9, 2016

# CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2016, I served the foregoing document by filing a copy with the Clerk of Court using the CM/ECF system, which will send notification of filing to the following attorneys of record:

> Abby C. Grozine
> David F. Root
> CARLOCK, COPELAND & STAIR, LLP
> 191 Peachtree Street, NE
> Atlanta, GA 30303
>
> J. Anderson Davis
> A. Franklin Beacham III
> Samuel L. Lucas
> BRINSON, ASKEW, BERRY, SEIGLER,
> RICHARDSON & DAVIS, LLP
> P.O. Box 5007
> Rome, GA 30162

                                                  /s/ Ryan Primerano