Appeal No. 16-10521

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

MAURICE WALKER,
on behalf of himself and others similarly situated,

Plaintiff-Appellee

v.

CITY OF CALHOUN, GEORGIA,

Defendant-Appellant.

---

On appeal from the United States District Court for the
Northern District of Georgia, Rome Division

Civil Action No. 4:15-cv-00170-HLM

---

## APPELLANT CITY OF CALHOUN, GEORGIA'S RESPONSE TO APPELLEE'S CORRECTED MOTION TO DISMISS APPEAL IN PART

---

BRINSON, ASKEW, BERRY
RICHARDSON & DAVIS, LLP
J. Anderson Davis
A. Franklin Beacham, III
Samuel L. Lucas
615 West 1st Street
Rome, Georgia 30161
(706) 291-8853

CARLOCK COPELAND &
STAIR, LLP
David F. Root
Abby C. Grozine
191 Peachtree Street NE
Suite 3600
Atlanta, Georgia 30303
(404) 522-8220

## CERTIFICATE OF INTERESTED PERSONS

Appellant hereby certifies that the following is a full and complete list of the trial judges, all attorneys, persons, associations of persons, firms, partnerships or corporations that have an interest in the outcome of this appeal, as required by Rule 26.1 of the Federal Rules of Appellate Procedure and 11th Cir. R. 26.1-1, 26.1-2, and 26.1-3.

Beacham, III, A. Franklin, Attorney for Appellant

Brinson, Askew, Berry, Seigler, Richardson & Davis, LLP

Carlock, Copeland & Stair LLP

City of Calhoun, Georgia, Appellant

Davis, J. Anderson, Attorney for Appellant

Equal Justice Under Law

Geraghty, Sarah, Attorney for Appellee

Grozine, Abby C., Attorney for Appellant

Karakatsanis, Alec, Attorney for Appellee

Lucas, Samuel L., Attorney for Appellant

Murphy, Honorable Harold L., United States District Judge

Primerano, Ryan, Attorney for Appellee

Root, David F., Attorney for Appellant

Southern Center for Human Rights

Walker, Maurice, Appellee

# TABLE OF CITATIONS

Cases

*Altman v. City of High Point,* 330 F.3d 194 (4th Cir. 2003) .................................5

*Berrey v. Asarco, Inc.*, 439 F.3d 636 (10th Cir. 2006)..............................................5

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997).......................3

*Fox v. Tyson Foods, Inc.*, 519 F.3d 1298 (11th Cir. 2008) ......................................3

*Georgine v. Amchem Prods., Inc.*, 83 F.3d 610 (3d Cir. 1996)................................9

*Hendricks v. Bank of Am.*, 408 F.3d 1127 (9th Cir. 2005) ......................................5

*Hudson v. Hall*, 231 F.3d 1289 (11th Cir. 2000).....................................................3

*Immigrant Assistance Project of the Los Angeles Cnty. Fed'n of Labor v. INS*, 306

   F.3d 842 (9th Cir. 2002) .....................................................................................9

*Kershner v. Mazurkiewicz*, 670 F.2d 440 (3d Cir. 1982) ........................................9

*McQueen v. Johnson*, 506 Fed. App'x 909 (11th Cir. 2013) ..................................3

*Melendres v. Arpaio*, 695 F.3d 990 (9th Cir. 2012) ................................................8

*Meredith v. Oregon*, 321 F.3d 807 (9th Cir. 2003) .................................................9

*Moore v. City of Wynnewood*, 57 F.3d 924 (10th Cir. 1995) ..................................5

*Myers v. Hertz Corp.*, 624 F.3d 537 (2d Cir. 2010) ................................................4

*Paige v. State of Cal.*, 102 F.3d 1035 (9th Cir. 1996).............................................9

*Port Auth. Police Benev. Ass'n, Inc. v. Port Auth. of N.Y. & N.J.*, 698 F.2d 150 (2d

   Cir. 1983)............................................................................................................8

*Rux v. Republic of Sudan*, 461 F.3d 461 (4th Cir. 2006) ............................................. 4

*S & Davis Intern., Inc. v. The Republic of Yemen*, 218 F.3d 1292 (11th Cir. 2000) . 3

*Solantic, LLC v. City of Neptune Beach*, 410 F.3d 1250 (11th Cir. 2005) ................. 4

*Stolt-Nielsen SA v. Celanese AG*, 430 F.3d 560 (2d Cir. 2005) .................................. 4

*Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35 (1995) .............................................. 3

*United States v. Lopez-Lukis*, 102 F.3d 1164 (11th Cir. 1997) .................................. 3

Statutes

28 U.S.C. § 1291 ............................................................................................................. 2

28 U.S.C. § 1292 ......................................................................................................... 3, 4

O.C.G.A. § 17-6-1 ...................................................................................................... 1, 2

Other Authorities

9 Moore's Federal Practice ¶ 110.25[1] (2d ed. 1972) .............................................. 4

## STATEMENT OF RELEVANT FACTS AND PROCEDURAL BACKGROUND

Plaintiff filed his Complaint on September 8, 2015, challenging the City of Calhoun's use of a master bail schedule as provided for by O.C.G.A. § 17-6-1 (f)(1).[1] The same day, Plaintiff filed a Motion for Temporary Restraining Order, or, in the Alternative, For Preliminary Injunction.[2] The following day, Plaintiff filed a Motion to Certify Class.[3] On November 11, 2015, the City filed a Motion to Dismiss for failure to State a Claim, or in the alternative, Motion for More Definite Statement.[4]

On December 2, 2015, the District Court denied the City's Motion to Dismiss for failure to State a Claim, or in the alternative, Motion for More Definite Statement.[5] On January 28, 2016, the District Court entered separate Orders granting Plaintiff's Motion for Preliminary Injunction and Motion to Certify Class.[6]

The City filed a timely Notice of Appeal on February 5, 2016.[7] In its Civil Appeal Statement, the City identified three "issues proposed to be raised" on appeal: (1) Whether the District Court erred in granting a preliminary injunction; (2) Whether the District Court erred in granting class certification; and (3) Whether

---

[1] (Doc. 1.)
[2] (Docs. 4, 7.)
[3] (Doc. 10.)
[4] (Doc. 22.)
[5] (Doc. 28.)
[6] (Docs. 40, 41.)
[7] (Doc. 42.)

1

the District Court erred in denying Defendant's Motion to Dismiss, or in the alternative, Motion for More Definite Statement.[8]

This Court has jurisdiction to hear this appeal under 28 U.S.C. § 1291, based upon the District Court's entry of a final Order granting Plaintiff's Motion for a Preliminary Injunction.[9]

## SUMMARY OF ARGUMENT

This case is currently before the Court on direct appeal from the District Court's grant of a preliminary injunction in favor of Plaintiff. It is not necessary or prudent, however, to confine this Court's review to solely that Order of the District Court granting the preliminary injunction. Contrary to Plaintiff's assertion, this Court retains discretion to exercise pendent appellate jurisdiction over the District Court's Orders denying the City's Motion to Dismiss and granting class certification.[10] Because the same legal question – specifically whether O.C.G.A. § 17-6-1(f)(1) is constitutional – underlies the appealable Order granting the preliminary injunction and the non-directly appealable Orders denying the Motion to Dismiss and granting class certification, the exercise of pendent appellate jurisdiction will simultaneously resolve the inextricably intertwined directly-appealable and pendent issues before this Court.

---

[8] (Civil Appeal Statement at 2.)
[9] (Doc. 40.)
[10] (*See* Docs. 28, 41.)

2

# ARGUMENT AND CITATION TO AUTHORITY

## I. LEGAL STANDARD.

This Court has jurisdiction over the direct appeal from the District Court's grant of Appellee's Motion for Preliminary Injunction pursuant to 28 U.S.C. § 1292(a)(1). This Court may exercise pendent appellate jurisdiction over otherwise non-appealable orders if those orders meet either of two criteria.[11] Utilizing pendent appellate jurisdiction, this Court "may address otherwise non-appealable orders if they are 'inextricably intertwined' with an appealable decision or if 'review of the former decision is necessary to ensure meaningful review of the latter.'"[12] Even if the collateral-order doctrine does not apply, this Court may still exercise pendent appellate jurisdiction.[13]

---

[11] *See S & Davis Intern., Inc. v. The Republic of Yemen*, 218 F.3d 1292, 1297 (11th Cir. 2000); *Fox v. Tyson Foods, Inc.*, 519 F.3d 1298, 1302 (11th Cir. 2008) (finding pendent jurisdiction to review those portions of an otherwise non-appealable collective action order, which the district court relied on when denying motion to intervene that was appealed); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1365 (11th Cir. 1997) (exercising pendent jurisdiction to review an otherwise non-appealable compel order because the appealed sanctions order was issued in part for the defendant's purported violation of the compel order); *United States v. Lopez-Lukis*, 102 F.3d 1164, 1167 n.10 (11th Cir. 1997) (exercising pendent appellate jurisdiction over an otherwise non-appealable order striking a paragraph of the indictment because the strike was closely related to the district court's exclusion of the government's evidence).

[12] *McQueen v. Johnson*, 506 Fed. App'x 909, 913-14 (11th Cir. 2013) (citing *Hudson v. Hall*, 231 F.3d 1289, 1294 (11th Cir. 2000)); *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 51 (1995).

[13] *S & Davis Intern., Inc.*, 218 F.3d at 1297.

3

This Court has found that when a case is properly before the court as an appeal from the denial of an injunction under 28 U.S.C. § 1292(a)(1), its permissible scope of review extends to other pendent orders as well.[14] "'Once a case is lawfully before a court of appeals, it does not lack power to do what plainly ought to be done.'"[15]

"[F]or two issues in two separate rulings to be inextricably intertwined, "the 'same specific question' will 'underl[ie] both the appealable order and the non-appealable order,' such that . . . resolution of the question will necessarily resolve the appeals from both orders at once."[16] Likewise, courts "may thus grasp jurisdiction over the pendent issue, when resolution of the appealable issue 'necessarily decides' the pendent issue."[17] For example, in *Altman v. City of High Point*, the Fourth Circuit found that resolution of an interlocutory issue (whether officers were entitled to qualified immunity in a § 1983 action) fully resolved the pendent issue (whether the municipality could be held liable) because the qualified

---

[14] *Solantic, LLC v. City of Neptune Beach*, 410 F.3d 1250, 1273 (11th Cir. 2005) (citing *Mercury Motor Express, Inc. v. Brinke*, 475 F.2d 1086 F.2d 1086, 1091 (5th Cir. 1973)).
[15] *Id.* (quoting 9 Moore's Federal Practice ¶ 110.25[1] (2d ed. 1972)).
[16] *Myers v. Hertz Corp.*, 624 F.3d 537, 553 (2d Cir. 2010) (quoting *Stolt-Nielsen SA v. Celanese AG*, 430 F.3d 567, 576 (2d Cir. 2005)).
[17] *Rux v. Republic of Sudan*, 461 F.3d 461, 476 (4th Cir. 2006).

4

immunity inquiry revealed the officers committed no federal constitutional violation which would have been required to hold the municipality liable.[18]

Under the second pendent jurisdiction scenario, review of a pendent issue will be "necessary to ensure meaningful review" of an immediately appealable issue if resolution of the pendent issue is necessary, or essential, in resolving the immediately appealable issue.[19] Courts have explained that an issue "is necessary to ensure meaningful review" where the issue "calls into question the district court's '*authority to rule* on a party's motion for a preliminary injunction.'"[20]

In other words, under *Swint*, "[i]t is appropriate to exercise pendent appellate jurisdiction only where [1] resolution of the appealable issue necessarily resolves the nonappealable issue, or [2] where review of the nonappealable issue is necessary to ensure meaningful review of the appealable one."[21]

### II. The Court May Exercise Pendent Jurisdiction to Review the District Court's Order Denying the City's Motion to Dismiss, or in the alternative, Motion for More Definite Statement as it is Inextricably Intertwined with the Appealable Order.

The District Court's Order denying the City's Motion to Dismiss, or in the alternative, Motion for a More Definite Statement ("Motion to Dismiss"), is

---

[18] *Altman v. City of High Point,* 330 F.3d 194, 207 n.10 (4th Cir. 2003).
[19] *Swint*, 514 U.S. at 51.
[20] *Hendricks v. Bank of Am.*, 408 F.3d 1127, 1134 (9th Cir. 2005) (emphasis in original) (citing *Meredith v. Oregon*, 321 F.3d 807, 816 (9th Cir. 2003)).
[21] *Berrey v. Asarco, Inc.*, 439 F.3d 636, 647 (10th Cir. 2006) (citing *Moore v. City of Wynnewood*, 57 F.3d 924, 930 (10th Cir. 1995)).

inextricable intertwined with the District's Court's Order granting Plaintiff's Motion for Preliminary Injunction, specifically, the District Court's finding that Plaintiff is likely to succeed on the merits of his claims.[22]

In the City's Motion to Dismiss, it argued that because the words "Due Process" and "Equal Protection" only appeared in two paragraphs of the Complaint, it was therefore unknown what type of Due Process or Equal Protection claim Plaintiff was actually alleging.[23] Plaintiff's subsequent pleadings have done nothing to clarify what Fourteenth Amendment claims are actually being asserted nor has the District Court ordered Plaintiff to clarify.

Pendent jurisdiction is appropriate to review the very legal issue underlying each of the District Court's Orders, specifically, the constitutionality of O.C.G.A. §17-6-1(f)(1) and its express approval of the use of a master bail schedule. The issue of whether Plaintiff failed to state a claim upon which relief may be granted, thereby warranting dismissal, or, whether Plaintiff should be required to more definitively state under what legal theory his claims are asserted is not only inextricably intertwined, but essential, to the District Court's granting of a preliminary injunction.

---

[22] (Docs. 28; 40 at 67.)
[23] (Doc. 22-1 at 8.)

6

The majority of the District Court's Order granting the preliminary injunction discussed Plaintiff's likelihood of success on the merits.[24] Because Plaintiff has not articulated a legally cognizable claim, failing to state with sufficient clarity the legal basis for his claim, the relief sought against the City, the authority on which the Court may order such relief, and the authority on which the City may afford the relief, the District Court could not properly find that Plaintiff was likely to succeed on the merits of his claim.

In other words, if the District Court improperly denied the City's Motion to Dismiss, it could not properly grant Plaintiff's Motion for Preliminary Injunction. Accordingly, the District Court's denial of the City's Motion to Dismiss and its grant of the preliminary injunction are so inextricably intertwined that resolution of the appealable issue, particularly whether Plaintiff can succeed on the merits of his claim, will necessarily resolve whether the District Court erred in denying the City's Motion to Dismiss as it will determine whether a legally cognizable claim even exists.

Review of the pendent issue is also necessary to ensure meaningful review of the grant of the preliminary injunction. If the District Court incorrectly found that Plaintiff stated a claim, the current appeal could not be before this Court because the District Court lacked authority to rule on Plaintiff's Motions for

---

[24] (Doc. 40 at 48-67.)

Preliminary Injunction and to Certify Class. Without first determining whether Plaintiff in fact stated a legally cognizable claim, no meaningful review of the District Court's Order granting the preliminary injunction may occur.

Because exercise of pendent appellate jurisdiction will resolve the underlying legal question of both the Order denying the City's Motion to Dismiss and the Order granting the preliminary injunction, as well as ensure meaningful review of the appealable Order, this Court should exercise pendent appellate jurisdiction over the District Court's denial of the City's Motion to Dismiss.

### III. The Court May Exercise Pendent Jurisdiction to Review the District Court's Order Granting Class Certification as it is Inextricably Intertwined of the Appealable Order.

Similarly, it is appropriate to exercise pendent appellate jurisdiction over the District Court's Order granting class certification.[25] Circuit courts routinely exercise pendent appellate jurisdiction in reviewing whether a district court erroneously certified a class.[26]

The class certification Order is inextricably intertwined with the grant of the preliminary injunction. Because the preliminary injunction provides class-wide

---

[25] (*See* Doc. 41.)
[26] *See, e.g., Melendres v. Arpaio*, 695 F.3d 990, 996-97 (9th Cir. 2012); *see Port Auth. Police Benev. Ass'n, Inc. v. Port Auth. of N.Y. & N.J.*, 698 F.2d 150 (2d Cir. 1983).

8

relief, it cannot be upheld without also upholding certification of the class.[27] The Third Circuit has held that class certification is reviewable on appeal from issuance of a preliminary injunction if "the preliminary injunction cannot properly be decided without reference to the class certification question."[28] The Third Circuit reasoned that if the propriety of class certification "directly controls disposition of the injunction, or if the issues are, in some way, inextricably bound, then both issues *must* be addressed in order to resolve properly the section 1292(a)(1) preliminary injunction."[29] To do otherwise would impinge on the right to a Section 1292(a)(1) appeal. Further, the class as currently defined by the District Court is based upon Plaintiff's claims as currently defined, which as discussed *supra* is legally insufficient.

Because the Order granting the preliminary injunction provides class-wide relief, it necessitates the review of the District Court's Order granting class certification. These two Orders are inextricably bound, and therefore, should this

---

[27] *Paige v. State of Cal.*, 102 F.3d 1035, 1039 (9th Cir. 1996) (an injunction granting class-wide relief cannot be affirmed without also upholding the class certification order); *see Immigrant Assistance Project of the Los Angeles Cnty. Fed'n of Labor v. INS*, 306 F.3d 842, 869 (9th Cir. 2002) (holding that where an injunction provided relief to certain class members, the court had pendent jurisdiction to review the certification of the class as to those members because the district court had to certify the class before granting the class members injunctive relief); *Meredith v. Oregon*, 321 F.3d 807 (9th Cir. 2003).
[28] *Georgine v. Amchem Prods., Inc.*, 83 F.3d 610, 624 (3d Cir. 1996) (citing *Kershner v. Mazurkiewicz*, 670 F.2d 440 (3d Cir. 1982)).
[29] *Mazurkiewicz*, 670 F.2d at 449 (emphasis in original) (internal quotations omitted).

9

Court find that the District Court erred in granting the preliminary injunction, the Order granting class certification cannot stand.

## CONCLUSION

Because the District Court's Order denying the City's Motion to Dismiss is inextricably intertwined with the Orders granting the preliminary injunction and class certification, this Court should exercise its pendent appellate jurisdiction as resolution of the legal question will necessarily resolve the appeals from each Order. If the District Court incorrectly found that Plaintiff stated a claim upon which relief could be granted, the current appeal could not be before this Court as the District Court lacked authority to rule on Plaintiff's Motions for Preliminary Injunction and to Certify Class.

Respectfully submitted this 21st day of March, 2016.

**BRINSON, ASKEW, BERRY, SEIGLER, RICHARDSON & DAVIS, LLP**
/s/ J. Anderson Davis
J. ANDERSON DAVIS
Georgia Bar No. 211077
A. FRANKLIN BEACHAM III
Georgia Bar No. 043743
SAMUEL L. LUCAS
Georgia Bar No. 142305
615 West 1st Street
Rome, Georgia 30161
Phone: (706) 291-8853
Fax: (706) 234-3574

*Attorneys for Defendant City of Calhoun,*

10

*Georgia*

**CARLOCK, COPELAND & STAIR, LLP**

/s/ David F. Root
DAVID F. ROOT
Georgia Bar No. 614125
ABBY C. GROZINE
Georgia Bar No. 542723
One Ninety One Peachtree Tower
191 Peachtree Street, N.E., Suite 3600
Atlanta, Georgia 30303
Telephone: (404) 522-8220
Fax (404) 523-2345

*Attorneys for Defendant City of Calhoun, Georgia*

## **CERTIFICATE OF COMPLIANCE**

1. This brief complies with the page limitation of Fed. R. App. P. 27(d)(2) because it is 11 pages, excluding those parts of the brief exempted by Fed. R. App. 27(a)(2)(B) and (d)(2).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared using Times New Roman 14-point font, which a proportionately spaced font.

Respectfully submitted this 21st day of March, 2016.

/s/ Abby C. Grozine
DAVID F. ROOT
Georgia Bar No. 614125
ABBY C. GROZINE
Georgia Bar No. 542723
One Ninety One Peachtree Tower
191 Peachtree Street, N.E.
Suite 3600
Atlanta, Georgia 30303
Telephone: (404) 522-8220
Fax (404) 523-2345

*Attorneys for Defendant City of Calhoun, Georgia*

## CERTIFICATE OF SERVICE

I certify that, on March 21, 2016, I electronically and manually filed a copy of this "Appellant City of Calhoun, Georgia's Response to Appellee's Corrected Motion to Dismiss Appeal in Part" and served a copy on all parties by placing a copy in the U.S. Mail, addressed as follows:

Sarah Geraghty, Esq.
Ryan Primerano, Esq.
Southern Center for Human Rights
83 Poplar Street NW
Atlanta, Georgia 30303

Alec Karakatsanis, Esq.
Equal Justice Under Law
916 G Street NW, #701
Washington, DC 20001

J. Anderson Davis, Esq.
A. Franklin Beacham III, Esq.
Samuel L. Lucas, Esq.
Brinson Askew Berry Seigler Richardson & Davis
P.O. Box 5007
Rome, Georgia 30161

/s/ Abby C. Grozine
DAVID F. ROOT
Georgia Bar No. 614125
ABBY C. GROZINE
Georgia Bar No. 542723
One Ninety One Peachtree Tower
191 Peachtree Street, N.E.
Suite 3600
Atlanta, Georgia 30303
Telephone: (404) 522-8220
Fax (404) 523-2345

*Attorneys for Defendant City of Calhoun, Georgia*

13

5493881v.1